*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2245**

Brenda Lynne Schoenecker, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed August 4, 2014
Reversed
Connolly, Judge**

Stearns County District Court
File No. 73-CV-12-9659

Justin Braulick, Bradshaw & Bryant, PLLC, Waite Park, Minnesota (for respondent)

Lori Swanson, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

Appellant Commissioner of Public Safety challenges the district court's order rescinding the revocation of respondent's driving privileges, arguing (1) the totality of the circumstances demonstrates that respondent consented to testing; (2) respondent agreed

to submit to alcohol-concentration testing as a condition of operating a motor vehicle on Minnesota roads; (3) *Missouri v. McNeely* did not invalidate Minnesota's implied-consent law; (4) no warrant was required to collect respondent's sample because chemical testing under the implied-consent law is reasonable; and (5) application of the exclusionary rule is not appropriate in this case. We reverse.

## FACTS

On September 16, 2012, an officer was on routine patrol when he observed respondent Brenda Lynne Schoenecker's vehicle drifting in its lane of traffic. When respondent crossed the center line, the officer conducted a traffic stop. He noticed that respondent exhibited signs of impairment and asked if she had been drinking alcohol. Respondent answered affirmatively. The officer led respondent through field sobriety tests, including a preliminary breath test (PBT), which indicated that respondent's alcohol concentration was 0.118.

The officer read respondent the Minnesota Motor Vehicle Implied Consent Advisory (the implied-consent advisory). Respondent indicated that she understood the implied-consent advisory, did not wish to consult with an attorney, and was willing to submit to a breath test. The breath test indicated that respondent's alcohol concentration was .10. Based on this result, appellant revoked respondent's driver's license.

On October 15, 2012, respondent sought judicial review to contest the revocation. On September 26, 2013, the district court filed its order finding that "the totality of the circumstances does not demonstrate that [respondent] provided free and voluntary consent to the breath test." The district court concluded that respondent's consent was

coerced by the threat of criminal sanctions in the implied-consent advisory and rescinded the revocation of respondent's driver's license.

## D E C I S I O N

Appellant argues that "[r]espondent consented to alcohol concentration testing because the totality of the circumstances demonstrate that [r]espondent's agreement to submit to chemical testing was freely and voluntarily given." We agree. The United States and Minnesota Constitutions prohibit the unreasonable search and seizure of "persons, houses, papers, and effects." U.S. Const. amend. IV; Minn. Const. art. I, § 10. Taking samples of an individual's blood, breath, or urine is a search under the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989); *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). "[T]he Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable." *Skinner*, 489 U.S. at 619, 109 S. Ct. at 1414. Warrantless searches are per se unreasonable, subject to limited exceptions. *State v. Othoudt*, 482 N.W.2d 218, 222 (Minn. 1992). The state bears the burden of establishing the existence of an exception to the warrant requirement. *State v. Ture*, 632 N.W.2d 621, 627 (Minn. 2001).

Voluntary consent is a valid exception to the search-warrant requirement. *Brooks*, 838 N.W.2d at 568. Consent must be given "freely and voluntarily" based on the preponderance of the evidence. *Id.* To determine whether an individual validly consents, we must consider "the totality of the circumstances, including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *Id.* at 569

3

(quotation omitted). "[T]he nature of the encounter includes how the police came to suspect [the offender] was driving under the influence, their request that [s]he take the chemical tests, which included whether they read [her] the implied consent advisory, and whether [s]he had the right to consult with an attorney." *Id.*

The district court concluded,

> the totality of the circumstances does not demonstrate that [respondent] provided free and voluntary consent to the breath test. The Court finds that [respondent] was coerced into taking the test by the threat of criminal sanctions in the Minnesota Implied Consent Advisory. The Court finds that this threat was sufficient to invalidate the free and voluntary nature of the consent. Therefore, the Court finds that the exclusionary rule applies in this matter and the revocation of [respondent's] driving privileges shall be RESCINDED.

But the district court issued its order on September 26, 2013, without the benefit of the Minnesota Supreme Court's October 2013 *Brooks* decision. *See id*. at 567. In *Brooks*, the Minnesota Supreme Court concluded that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id*. at 570. The implied-consent advisory makes it clear that the offender has "a choice of whether to submit to testing," and "the fact that someone submits to the search after being told that he or she can say no to the search supports a finding of voluntariness." *Id.* at 572.

Based on the totality of the circumstances, we conclude that respondent voluntarily consented to the breath test. As in *Brooks*, the officer in this case had probable cause to arrest respondent for driving while intoxicated. The officer stopped respondent's vehicle after he witnessed her drifting in her lane of traffic and crossing the

4

center line.  Respondent exhibited signs of impairment and admitted that she had been drinking alcohol.  The PBT administered at the scene indicated that her alcohol concentration was .118.  The officer read respondent the implied-consent advisory and respondent stated that she understood the advisory, did not wish to contact an attorney, and agreed to submit to the breath test.  Respondent does not argue that the officer failed to follow the proper implied-consent procedure.  And although respondent elected not to consult with an attorney, she did so after the officer advised her that she had that right.

There is nothing in the record to suggest that the officer unduly coerced respondent into submitting to the breath test.  And although respondent argues that her "agreement to test was not freely and voluntarily given" because "the choice the officer gave [r]espondent was not really a choice at all given that the first thing the officer told [r]espondent was that Minnesota law required her to take the test," *Brooks* concluded that the implied-consent advisory is not coercive even though it is a crime to refuse to take the test.  *Id.* at 570.  We therefore conclude that the district court erred by reversing the revocation of respondent's driver's license.  Consequently, we reverse the district court's order reinstating respondent's driving privileges.

Appellant also makes alternative arguments for reversing the district court's order.  Because we conclude that respondent's consent was voluntary, we need not reach them.

**Reversed.**